IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAN EOFF                                                                                           PLAINTIFF

v.                                              No. 4:13-cv-368-DPM

ENVIRONMENTAL PROTECTION AGENCY
and GINA MCCARTHY, in her official capacity as
Administrator of the EPA                                                                    DEFENDANTS

ORDER

The State of Arkansas's motion to intervene, № 33, is denied.

**1.** This case had been pending for almost ten months when the State moved to intervene. It had been widely reported in the press. The State knew about the case for sure six months before its motion, when the EPA gave notice that the matter was pending and of its Clean Water Act counterclaim. № 33 at 1. The Court's detailed Final Scheduling Order embodies the parties' agreement that fact discovery would be done by the middle of June. № 32 at 1. While the motion says that intervention wouldn't create undue delay or prejudice, the State hasn't said that it could or would abide by the current Final Scheduling Order. This matter needs adjudication. The Court is unwilling to delay resolution or upset the settled expectations in the

Scheduling Order. *Arkansas Electric Energy Consumers v. Middle South Energy, Inc.*, 772 F.2d 401, 403–04 (8th Cir. 1985). Any kind of proposed intervention must be timely. FED. R. CIV. P. 24(a) & (b)(2) & (3). The State's motion—in the context of this already complicated case—is tardy. The State offers no reason for its delay.

   2. Of course the State has an interest in seeing that the Clean Water Act is followed. *United States v. Union Electric Co.*, 64 F.3d 1152, 1160–61 (8th Cir. 1995). But there is no reason to believe that the EPA will not adequately represent and protect that interest. *South Dakota ex rel Barnett v. U.S. Dept. of Interior*, 317 F.3d 783, 785 (8th Cir. 2003). The State does not argue otherwise. The EPA has been litigating this case vigorously. By counterclaim, it alleges that Eoff violated the Clean Water Act by failing to obtain a permit before building his reservoir. *№ 14 at 9–21*.

   3. The State does not seek to assert any new claim under federal law. Instead, the State wants to echo EPA's Clean Water Act claim and press new issues—nuisance and claims under the Arkansas Water and Air Pollution Control Act. Both arise under Arkansas law; both can be asserted in another case in State court; and both would expand the issues here.

4. While the Court understands the State's desire to participate and assert its interests, allowing it to do so now comes at too high a price. Already at issue are Eoff's claims that the Clean Water Act doesn't apply to his property, that enforcement would violate the U.S. Constitution, and the EPA's counterclaim that Eoff violated the Act. Adding new state-law claims would belatedly complicate this case. *United States v. Metropolitan St. Louis Sewer District*, 569 F.3d 829, 840–41 (8th Cir. 2009). If the State had sought to intervene soon after the parties joined the issues, then addressing Arkansas's state-law issues could have been planned and organized. As things stand, discovery is too far advanced. Exploration of the material facts will end in a month. And the fact discovery needs to be finished now, so the expert deadlines can be met in a few months, so motions can be filed thereafter, and so the case can be tried (if need be) approximately two years after filing.

5. The State's request for intervention as of right fails because the EPA is and will adequately represent Arkansas's interests in enforcing the Clean Water Act. FED. R. CIV. P. 24(a)(2). The State's alternative request for permissive intervention fails because the proposed state-law claims would unduly delay adjudication of the parties' dueling federal-law claims. FED. R. CIV. P. 24(b)(2) & (3). On either route, the State's request to join and expand

this case fails as untimely in the circumstances.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

16 May 2014