IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAN EOFF                                                                    PLAINTIFF/
                                                              COUNTER-DEFENDANT

v.                          No. 4:13-cv-368-DPM

ENVIRONMENTAL PROTECTION AGENCY;
and GINA McCARTHY, in her official capacity
as Administrator of the EPA                                           DEFENDANTS/
                                                              COUNTER-CLAIMANTS

ORDER

1. Dan Eoff pleaded three claims challenging the EPA's administrative compliance order against his pond in Branch Hollow. The Court rejected his first claim—that the EPA and Corps of Engineers unreasonably asserted Clean Water Act jurisdiction in the circumstances. № 56. Whether Eoff violated the Act in building his pond, or in other particulars, remains an open question, which will be answered in the adjudication of EPA's pending counterclaim. Eoff's two other claims rest on the Due Process Clause. As a matter of procedure, Eoff says that EPA violated the Constitution by not holding a hearing before issuing the order. № 1 at ¶ 39. As a matter of substance, he claims vagueness. Pointing to the Act's provision that authorizes EPA to issue an order "on the basis of any information

available[,]" 33 U.S.C. § 1319(a)(3), Eoff pleads that he faces significant penalties from an order issued pursuant to an impermissibly vague standard, which will prevent meaningful judicial review. All this, Eoff says, makes the Act unconstitutional as applied to him and his pond. № 1 at ¶¶ 41–43.

The EPA seeks judgment on both due process claims on the pleadings. FED. R. CIV. P. 12(c); № 60. The Court takes the pleaded facts as true. The parties agree that the issue is legal, not factual. It's essentially the same inquiry as under Rule 12(b)(6). *NanoMech, Inc. v. Suresh*, 777 F.3d 1020, 1023 (8th Cir. 2015).

2. EPA is entitled to judgment on Eoff's procedural due process claim. No doubt the EPA's order has serious consequences for Eoff and his ranch. But it has not deprived him — in the constitutional sense — of his property. Eoff reads the Supreme Court's decision in *Connecticut v. Doehr*, 501 U.S. 1 (1991) too broadly. This Court agrees with the Court of Appeals' analysis in *General Electric Company v. Jackson*, 610 F.3d 110, 120–21 (D.C. Cir. 2010), *cert. denied*, 131 S. Ct. 2959 (2011). Eoff's challenge echos G.E.'s no-prior-hearing challenge to EPA's unilateral administrative orders under CERCLA. His consequences-based claim fails as a matter of law for the same reasons.

**3.** EPA is also entitled to judgment on Eoff's substantive due process claim. It's true that the Clean Water Act authorized EPA to issue the order based on any available information. 33 U.S.C. § 1319(a)(3). EPA's decision, though, was subject to pre-enforcement judicial review under the Administrative Procedure Act. *Sackett v. EPA*, 132 S. Ct. 1367 (2012). This Court measured the order against the administrative record for reasonableness and legal error. 5 U.S.C. § 706(2); № 56. Finally, no penalty may be imposed until a jury concludes that Eoff has violated the Clean Water Act. His defenses will be considered. And the Court, not the EPA, will decide the amount of any penalty. Eoff's claim that the Act is unconstitutional as applied to him therefore fails as a matter of law.

\* \* \*

Motion, № 60, granted. Counts II and III of Eoff's complaint are dismissed with prejudice.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

2 March 2016